IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL STEVEN HALE

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

OPINION & ORDER

12-cv-943-wmc

Pursuant to 42 U.S.C. § 405(g), plaintiff Michael Steven Hale seeks judicial review of a final determination that he was not disabled within the meaning of the Social Security Act. Hale contends that remand is warranted because the administrative law judge failed to address his mental health limitations regarding concentration, persistence, and pace when posing questions to the vocational expert. For the reasons set forth below, the case will be remanded to the Commissioner for rehearing.

## FACTS

**I. Background**

On May 4, 2011, Administrative Law Judge Virginia Kuhn ("ALJ") issued a decision denying Hale's application for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). (AR 19.)[1] On October 26, 2012, the Appeals Council denied Hale's request, making the ALJ's decision the final determination of the Commissioner. (AR 1.) On December 26, 2012, Hale filed a timely complaint for

---

[1] The citations in this Order are drawn from the Administrative Record ("AR"). (Dkt. #11.)

1

judicial review in this court pursuant to 42 U.S.C. §405(g).

## II. Relevant Medical Evidence

Hale has complained of migraine headache problems since he was five years old; he reports getting them two to three times per week and their lasting four to eight hours at a time. (AR 70-71.) As a result of the headaches, Hale reportedly becomes nauseous, fatigued, and extremely sensitive to light and sound. (AR 72.) He visited urgent care centers 23 times between 2003 and 2009. During this period he saw Glen Murakami, M.D., Manuel A. Mendoza, M.D. and Ron Greenberg, M.D., among others. (AR 372, 362, 331, 341, 335, 344, 472, 468, 464, 461, 454, 450, 446, 441, 438, 434, 431, 427, 421, 417, 413.) Eleven of these visits were primarily due to headache problems. During the other 12 visits, Hale visited the ER for non-headache related issues and did not mention experiencing headaches at the present time. Hale stopped visiting the ER after 2009, reportedly because he could no longer afford to do so.[2] (AR 72.)

In addition to his alleged physical issues, Hale claimed significant medical limitations that warrant DIB and SSI, based primarily on information provided by licensed psychologist Rachel Pallen, Ph.D., Social Security Administration consultative examiner Richard Hurlbut, Ph.D., and state agency psychological consultant Beth Jennings, Ph.D. On April 11, 2007, Rachel Pallen, Ph.D., a licensed clinical psychologist, referred to Hale's prognosis as "somewhat poor" and diagnosed Hale with depressive disorder and panic disorder with agoraphobia. (AR 393.) Dr. Pallen determined that

---

[2] As such, there does not seem to be a treating physician in the period between 2003 – 2009.

Hale did not display motivation to work and engage in social activities. (*Id.*) Dr. Pallen determined that Hale's allegations of mental limitations were strengthened by his poor work history, which has featured an ongoing pattern of starting and stopping jobs after mere weeks or months. (AR 389.) However, Dr. Pallen also noted that Hale's credibility was weakened by his failure to look for a job in the previous eight months leading up to the examination. (AR 393.)

On February 25, 2010, Richard Hurlbut, Ph.D., consultative examiner for the Social Security Administration, diagnosed Hale with agoraphobia, attention deficit disorder and major depression. (AR 542.) Dr. Hurlbut specifically found that Hale would not have an issue following simple instructions, but would experience great difficulty getting along with supervisors and co-workers. (*Id.*) Dr. Hurlbut also determined that Hale would have difficulty with concentration, persistence, and pace, and would struggle with stress and change. (*Id.*)

On March 18, 2010, Beth Jennings, Ph.D., a state agency psychological consultant, diagnosed Hale as having moderate limitations in activities of daily living and maintaining social functioning, along with mild to moderate limitations in maintaining concentration, persistence, and pace.[3] (AR 566.) Dr. Jennings specifically noted that Hale was moderately limited in his ability to: (1) carry out detailed instructions; (2) maintain concentration for extended periods to time; (3) maintain punctuality and adhere to a schedule; (4) complete a normal workday and workweek without

---

[3] While Dr. Jennings described some mental limitations as mild, others were described as moderate, but any inconsistency was resolved by the ALJ when she found that Hale had moderate limitations in CPP. (AR 26.)

3

interruptions from psychologically-based symptoms; and (5) perform at a consistent pace without an unreasonable number and length of rest periods. (AR 552-53.) Dr. Jennings found Hale's claims to be credible, but also determined that he was still capable of engaging in unskilled work with limited social contact. (*Id.*)

III. ALJ Decision

At step one, the ALJ found that Mr. Hale had not worked since his alleged onset date, March 26, 2009. (AR 24.) At step two the ALJ identified attention deficit hyperactivity disorder ("ADHD"), panic disorder, and major depressive disorder as Hale's severe impairments. (*Id.*) At step three, the ALJ determined that Mr. Hale did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. (AR 25.) In making the latter finding, the ALJ considered the "B" criteria of the mental impairment listings and determined that Hale had moderate restrictions in his activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, or pace ("CPP"), and no episodes of decompensation, of extended duration. (AR 26-27.)

With respect to CPP, the ALJ expressly found that:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant reports being very forgetful and having difficulty concentrating and finishing what he starts. However, he also indicates that he spends time reading and being on the computer/playing video games 1-2 hours per day, which requires a certain amount of memory and concentration. He also is able to concentrate enough to prepare simple meals, drive, and handle money. He worked successfully in the past and was able to do his previous jobs without any significant difficulty concentrating,

4

> paying attention, or remembering as the evidence does not suggest a worsening. He displayed sufficient concentration, attention, and mental capacity during the consultative examination that the examiner noted he should have no problem with simple instructions in general, though he could have difficulty related to pace, stress, and change (Ex. 5E; Ex. 6E; Ex. 20F). Resolving conflicts in the evidence, the undersigned finds a moderate limitation.

(AR 28.)

Between steps three and four, the ALJ determined Hale's residual functional capacity (RFC). Finding his credibility to be poor, the ALJ concluded that Hale could perform work at all exertional levels, but that he was limited to routine, repetitive unskilled tasks. (AR 28-29.) The ALJ explained that this meant he needed to perform tasks that were consistent from day-to-day with minimal, if any, workplace changes. (*Id.*) The ALJ further explained that these tasks must be performed primarily alone, (though others may be in the vicinity), and involved no direct interaction with the public. (*Id.*) The ALJ also restricted Hale from working at heights or around hazards, such as dangerous machinery (*Id.*).

At step four, the ALJ determined that Hale could not perform any of his past relevant jobs. (AR 33.) Then, at step five, the ALJ relied upon a vocational expert's opinion that given the claimant's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that the claimant could perform. Accordingly, the ALJ found that Hale was not under a disability as defined under the statute. (AR 33-34.)

## OPINION

When a federal court reviews a final decision by the Commissioner of Social Security, the Commissioner's findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the administrative law judge. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

Even so, a district court may not simply "rubber-stamp" the Commissioner's decision without a critical review of the evidence. *See Ehrhart v. Sec'y of Health and Human Servs.,* 969 F.2d 534, 538 (7th Cir. 1992). A decision cannot stand if it lacks evidentiary support. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). The ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review. *Id.; Herron v. Shalala*, 19 F.3d 329, 333–34 (7th Cir. 1994). When the administrative law judge denies benefits, he must build a logical and accurate bridge from the evidence to his conclusion. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

Here, Hale principally contends that the ALJ erred in omitting his moderate limitations in concentration, persistence and pace ("CPP") from the RFC. Because the only limitation relevant to CPP was limited to "unskilled tasks that are routine and repetitive," Hale contends that the RFC was deficient and, as a consequence, questions to the vocational expert were similarly deficient. (AR. 33.) The court agrees. *See Steele* 290

6

F.3d at 942 (hypothetical questions posed to the VE "ordinarily must include all limitations supported by medical evidence in the record"); *see also Kasarsky v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2003).

In *O'Connor–Spinner v. Astrue,* the state examiner and the ALJ concluded that the claimant had moderate limitations in CPP because of her depression, but the ALJ asked the VE to consider only a "hypothetical worker [who] was restricted to routine, repetitive tasks with simple instructions." 627 F.3d 614, 617 (7th. Circ. 2010). On appeal, the Seventh Circuit rejected the Commissioner's argument that the limitation to routine and repetitive tasks "implicitly incorporated" limitations for concentration, persistence and pace because "[t]he ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *Id.* at 620. The *O'Connor–Spinner* court further noted that limiting the hypothetical worker to routine repetitive tasks did not adequately "orient the VE to the totality of a claimant's limitations." *Id.* While some exceptions exist to this general rule,[4] the Seventh Circuit stated that the ALJ should refer "expressly to limitations on concentration, persistence, and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do." *Id.* at 620-21.

---

[4] The exceptions include: "(1) where the record revealed that the VE had reviewed the claimant's medical records or heard testimony about the limitations; (2) where the ALJ used alternative phrasing and "it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform; or (3) where the ALJ's hypothetical question specifically mentioned the underlying condition that caused the difficulties with concentration, persistence, and pace." *O'Connor–Spinner*, 627 F.3d at 619–20.

Pursuant to the *O'Connor–Spinner* framework, the Commissioner contends that an exception applies because the ALJ included additional limitations in the RFC to account for Hale's limitations in CPP. The Commissioner points to the language in the RFC that Hale was: (1) to work day-to-day with minimal, if any, workplace changes; and (2) undertake tasks primarily alone with no direct interaction with the public. (AR 28.) As support, the Commissioner points the court to *Muenzenberger v. Colvin*, 12-cv-138-lsa, 2013 WL 3305546 (W.D. Wis. July 1, 2013). In that case, the Appeals Council modified an ALJ's original decision, noting that in order to accommodate for CPP, a more restrictive RFC was required. To this end, the Appeals Council accounted for limitations in CPP by requiring that the plaintiff only undertake unskilled work, limited to jobs that involve simple, repetitive, two to three step instructions that do not require a rapid pace. The Appeals Council noted that this RFC comported with the assessment of the state agency medical reviewer. *Id.* at *12.

But upon closer inspection, *Muenzenberger* is materially distinct from the instant case. Most importantly, the Appeals Council examined the ALJ's decision and *reversed* on grounds related to CPP. In doing so, the Appeals Council emphasized alternate phrasing for use by the ALJ on remand, stating that he was not only limited to unskilled, simple, repetitive work, but also "limited to *two to three step tasks, that do not require a rapid pace*." *Id*. at *7 (emphasis added). By contrast, the Appeals Council denied review of the ALJ's decision here, leaving it to this court to alter the RFC and order remand. (AR 1.)

Contrary to the Commissioner's position, the ALJ's decision is also deficient because even if she had taken steps to account for Hale's functional limitations in CPP in

8

formulating his RFC, there is nothing in the record to support the Commissioner's *post hoc* argument that the limitations *do* account for Hale's CPP.[5] *See Spiva v. Astrue*, 628 F.3d 346, 348 (7th Cir. 2010) (criticizing "the Justice Department's lawyers who defend denials of disability benefits often rely heavily on evidence not (so far as appears) relied on by the administrative law judge"); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) ("The Social Security Administration's lawyer relied heavily on those reports in her brief and at argument in urging us to uphold the denial of disability benefits. But in doing so she violated the Chenery doctrine which forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself had not embraced."); *Alexander v. Barnhart*, 287 F. Supp.2d 944, 963 n. 21 (E.D. Wis. 2003) (noting that in reviewing the ALJ's decision, the court is limited to the reasons supplied by the ALJ and "cannot consider the *post hoc* arguments of the Commissioner").

In the end, the Commissioner's half-hearted attempt to distinguish this case from *O'Connor–Spinner* is telling, particularly given repeated criticism of the Commissioner for continuing "to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to "simple tasks" despite the Seventh Circuit and its "sister courts continu[ing] to reject the Commissioner's position."[6] As such, this becomes another clear

---

[5] Even if review of the argument were permissible, the second of the two limitations that the Commissioner purportedly points to -- *i.e.*, that Hale was to undertake tasks with no direct interaction with the public -- would tend to associate with *social limitations*, not limitations in CPP.

[6] *See also Nancy Traver-Musselman, Nancy v. Carolyn Colvin*, 12-CV-423 2014, WL 1007302 at *8 (W.D. Wis. March 14, 2014); *Amy Marchel v. Astrue*, 12-CV-47 (W.D.Wis., Nov. 16, 2012); *Gray v. Astrue*, 2009 WL 1228632 (N.D. Ind. May 1, 2009); *McGee v. Astrue*, 770 F.Supp.2d 945, (E.D.Wis. 2011) (remand for use of "simple, routine, repetitive" in RFC as substitute for finding of moderate CPP; *Kell v. Astrue*, 2011WL 2970891 (S.D. Ind., July 21, 2011).

case where remand is warranted to ensure that deficiencies in the RFC are corrected and that questions proposed to the vocational expert properly account for concentration, persistence and pace limitations.[7]

## ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Michael Hale's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.  The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 11th day of August, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[7] Like other cases that have come before this court addressing the issue of CPP, the court grants yet another remand. While some effort was made to distinguish this case from others, the court remains puzzled why these cases (with similar deficiencies) continue to come before it; ever more so when a deeper analysis of the facts and law could well lead to a conclusion that stipulation would be a better result for the all parties concerned.